**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No.: 1:22-cv-21699

ADRIAN TAYLOR, JAIRO MENENDEZ,
STEPHANIE TAVERAS, and RONNY
GARCIA,

    Plaintiffs,

vs.

MILA MIAMI, LLC, and S2 HR SOLUTIONS
2D, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Adrian Taylor ("Taylor"), Jairo Menendez ("Menendez"), Stephanie Taveras ("Taveras"), and Ronny Garcia ("Garcia"), by and through the undersigned counsel, hereby file this Complaint against Defendants Mila Miami, LLC ("Mila"), and S2 HR Solutions 2D, LLC ("S2"), and allege as follows:

## INTRODUCTION

1. This case challenges the policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendants' principal place of business is in this District.

1

## PARTIES

4. Taylor is a resident of Florida who was employed by Defendants as a server at the Mila Restaurant from January of 2020 through November of 2020.

5. Menendez is a resident of Florida who was employed by Defendants as a server at the Mila Restaurant from December of 2020 through September or October of 2021.

6. Taveras is a resident of Florida who was employed by Defendants as a server at the Mila Restaurant from September of 2020 through November of 2020.

7. Garcia is a resident of Florida who was employed by Defendants as a server at the Mila Restaurant from October or November of 2020 through July or August of 2021.

8. Mila is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in Miami Beach, Florida. Mila was in the business of operating restaurants in Miami Beach, Florida, during all times relevant to this Complaint.

9. S2 is a Florida limited liability company that maintains its principal place of business in Miami-Dade County, Florida.

10. At all times relevant, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## COVERAGE AND JOINT EMPLOYER ALLEGATIONS

11. Defendants were at all times material hereto engaged in interstate commerce.

12. The FLSA applies to Defendants' business activities and to Plaintiffs' work for Defendants in that both affected interstate commerce for the relevant time period.

13. Defendants operated as an organization which sold or marketed their services or goods to customers throughout the United States via the internet, solicited funds from sources

outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

14. Mila prepared food items that included ingredients that had crossed state lines.

15. Defendants regularly employed two or more employees for the relevant time period.

16. Defendants, upon information and belief, had gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

17. The services performed by Plaintiffs affected interstate commerce.

18. Thus, Defendants were at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

19. Defendants share employees or interchange employees, work in the direct interest of one another, and their employees are in the common control of both companies. Accordingly, Defendants are joint employers. Alternatively, each company is an enterprise under the law.

20. Each Defendant is sued individually, as joint employers, and as the agent of each other.

## FACTUAL ALLEGATIONS

21. Mila operates a restaurant called the "Mila Restaurant" and S2 provides human resources and payroll-related services to Mila.

22. At all times relevant to this Complaint, Defendants employed Plaintiffs in a non-exempt hourly capacity as a server.

23. During all times relevant to this Complaint, Plaintiffs were tipped employees.

24. Plaintiffs are not in possession of all of their pay and time records, and cannot,

therefore, calculate with certainty the amount of wages and tips they are entitled to as a result of Defendants' violations of the FLSA on a week by week basis absent full access to same.

25. Until March of 2020, Defendants utilized a tip credit and a tip pool arrangement to at least appear as though they attempted to comply with their minimum wage obligations.

26. Upon information and belief, the following employees participated in the tip pool: Sommeliers, Captains, Food Runners, Bartenders, Bussers, Baristas, Bathroom Attendants, and Host Team.

27. Defendants were not eligible for a tip credit because Defendants did not provide Plaintiffs with the notice required by law pertaining to the tip credit.

28. Defendants were not eligible for a tip credit because they regularly deducted tips to pay employees who were not eligible to participate in the tip pool: managers disguised as Captains and later General Managers and Assistant General Managers.

29. Defendants were not eligible for a tip credit because they deducted tips to pay employees who were eligible to participate in the tip pool, but then did not actually pay those employees the tips they had deducted.

30. Defendants violated the FLSA by refusing to allow Plaintiffs to retain all of their tips.

31. Around March of 2020, Mila temporarily closed its business due to the COVID-19 pandemic.

32. When Mila reopened the restaurant in October of 2020, Defendants began charging customers a 20% "service charge" in an attempt to disguise their illegal tip pool arrangement.

33. The "service charge," however, was actually a tip as customers retained discretion on whether to pay and Defendants paid employees the money generated from the "service charges"

under a tip pool arrangement.

34. Specifically, Defendants paid Plaintiffs under a "service charge" point system that determined how employees shared in the "service charges."

35. Sommeliers, Servers, Captains (who were named as such but were actually Managers), Food Runners, Bartenders, Bussers, Barista, Bathroom Attendant, and Host Team were allowed to participate in the point system.

36. Back of the house employees were not allowed to participate in the point system.

37. Defendants assigned each position a certain number of points per shift, and each point represented a certain dollar amount that the employee would receive from the pool of service charges.

38. Customers could also tip above the "service charge."

39. Defendants gave 60% of such tips to Plaintiffs.

40. The remaining 40% was either kept by Defendants, distributed to other employees in accordance with the illegal tip pooling arrangement, or some combination thereof.

41. Once Defendants implemented the "service charge," Defendants no longer paid Plaintiffs an hourly wage and paid Plaintiffs based on the point system and tips above "service charges."

42. At all times material hereto, Defendants' tip pool was mandatory.

43. Defendants violated the minimum wage, tip credit, and tip pooling requirements of the FLSA.

44. During all times relevant, Defendants did not pay Plaintiffs the applicable minimum wage rate for regular hours worked.

45. Defendants failed to pay Plaintiffs the minimum wage required by law because of

their failure to comply with the rules and regulations pertaining to tip credits.

46. Defendants' failure to compensate Plaintiffs as set forth herein resulted in unpaid minimum wages and tips in violation of the FLSA.

## COUNT I
### (FLSA Minimum Wage Violation)

Plaintiffs reallege paragraphs 1 through 46 as though fully set forth herein.

47. Plaintiffs bring this claim for violation of the FLSA's minimum wage provisions pursuant to 29 U.S.C. § 216(b).

48. The FLSA requires Defendants to pay non-exempt hourly employees a minimum wage of $7.25.

49. Plaintiffs were non-exempt employee of Defendants who were paid less than the minimum wage.

50. Defendants had notice of, or had actual knowledge of, all of the hours worked by Plaintiffs.

51. Defendants failed to pay Plaintiffs the Federal minimum wage in violation of 29 U.S.C. §§ 201-219 as a result of their failure to comply with the requirements for the lawful application of a tip credit.

52. By knowingly engaging in unlawful practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53. As a result of Defendants' violations of the FLSA, Plaintiffs were injured in that they did not receive the minimum wage due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid minimum wage compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or Plaintiffs, allow a reasonable attorney's fee

to be paid by the Defendants, and costs of the action."

## COUNT II
### (FLSA Unpaid Tips Violation)

Plaintiffs reallege paragraphs 1 through 46 as though fully set forth herein.

54. Plaintiffs bring this claim for violation of 29 U.S.C. 203(m)(2)(B) pursuant to 29 U.S.C. § 216(b).

55. The FLSA explicitly prohibits employers from keeping employees' tips.

56. Defendants kept Plaintiffs' tips in violation of 29 U.S.C. §§ 201-219.

57. By knowingly engaging in unlawful practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

58. As a result of Defendants' violations of the FLSA, Plaintiffs were injured in that they did not receive the minimum wage due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid minimum wage compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Honorable Court:

A. Enter a judgment against Defendants and in favor of Plaintiffs;

B. Award compensatory damages to Plaintiffs in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

C. Award Plaintiffs pre-judgment and post-judgment interest at the statutory rate; and

D. Award Plaintiffs costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

Respectfully Submitted,

*/s/Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@ramhofergarcia.com
**RAMHOFER | GARCIA**
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile:  (954) 697-0341
*Attorneys for Plaintiffs*
